IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-00019-01-CR-W-BP |
| | ) | |
| NATHANIEL J. MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On December 4, 2025, a Criminal Complaint was filed against defendant Nathaniel J. Martin. On January 7, 2026, the Grand Jury returned a one-count Indictment charging defendant Martin with Felon in Possession of a Firearm.

On July 9, 2026, defendant Martin filed a Motion to Continue Jury Trial (Doc. #26). The motion requests a continuance to the joint criminal jury trial docket commencing November 30, 2026, and an extension of the deadline for filing pretrial motions. The suggestions in support of the motion state:

> 6. Additional time is needed to review the discovery with the client, and conduct further case investigation to determine if pretrial motions are necessary. In addition, the parties are in the early stages of plea negotiations.

(Doc. #26 at 2.) Defendant Martin and government counsel have no objection to the requested continuance. (*Id.*)

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of

justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other resolution prior to November 30, 2026, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court further finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that the Motion to Continue Jury Trial (Doc. #26) is granted. The trial of defendant Martin is removed from the joint criminal jury trial docket which commences August 10, 2026, and set on the joint criminal jury trial docket which commences November 30, 2026. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and December 11, 2026, the last day of the November 30, 2026 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence. It is further

ORDERED that a pretrial conference is set for November 10, 2026. The time of the conference will be provided in a subsequent notice of hearing. It is further

ORDERED that the deadline for defendant Martin to file pretrial motions is extended to September 1, 2026.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge